UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BOYD A. FROST,

    Plaintiff,

v.

CITY & COUNTY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C- 03-03585 EDL

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PSYCHIATRIC AND PSYCHOLOGICAL RECORDS; GRANTING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION; GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS; DEFERRING RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SETTING BRIEFING SCHEDULE**

Plaintiff Boyd Allen Frost alleges generally that San Francisco police officers, in particular Officers Watts and Fischer, used excessive force when they entered his apartment and beat him without provocation for an extended period of time on May 24, 2002. Defendants contend that the officers were responding to a complaint from one of Plaintiff's neighbors and that Plaintiff's injuries were caused when he resisted arrest.

On April 11, 2006, the Court held a hearing on four motions filed by the parties. For the reasons stated below and at the hearing, the Court rules as follows:

**Defendants' Motion to Compel Psychiatric and Psychological Records**

On January 24, 2006, Plaintiff underwent an independent psychological examination by Dr. William Hooker. Among other conclusions, Dr. Hooker's report called into question Plaintiff's

ability to accurately recall events.  Declaration of Robert Bonta in Support of Defs.' Mot. to Compel at Ex. G.  Defendants now seek Plaintiff's psychiatric and psychological records from several mental health treaters on the grounds that the records are necessary to show that Plaintiff's memory, perception and ability to perceive reality are unreliable and to counter any attempt to undermine the value of Dr. Hooker's opinion based on his lack of review of such records.

The threshold showing required for production of mental health records is substantially lower than that required for an independent psychological examination.  See Price v. County of San Diego, 165 F.R.D. 614 (S.D. Cal. 1996) ("Plaintiffs have cited no case law which would suggest that because the emotional distress is only 'ordinary,' the opposing party is not entitled to at least discovery of any existing psychological records.  The invasion of privacy occasioned by allowing opposing counsel to obtain copies of a plaintiff's psychological records, where there is a claim of ordinary mental distress, is exceedingly less burdensome than a Rule 35(a) examination.  Therefore, the court does not find that discovery of psychological records is governed solely by the same 'at issue' standard as under Rule 35(a).  Rather, as here, the issues raised by the plaintiffs and the relevance of the information govern the discoverability of the otherwise privileged information.").  Here, even though Plaintiff is not seeking extraordinary emotional distress damages, he is seeking emotional distress damages.  His psychological and psychiatric records are relevant to his damages and may also be relevant to the existence of a factual basis for Plaintiff's claims, particularly in light of the conclusions in Dr. Hooker's report.  On balance, the need for the information in the records outweighs any privacy interests that Plaintiff has in them.

Accordingly, Defendants' Motion to Compel is granted in part.  At the hearing, Defendants conceded that the production of records should be limited in time.  Therefore, Excel Behavioral Health Services, San Francisco General Hospital, San Francisco Jail Health Services/Jail Psychological Service, Kaiser, and the counseling program associated with the San Francisco Police Department in which Plaintiff stated that he participated shall produce Plaintiff's psychiatric and psychological records for the period beginning five years prior to May 24, 2002 through the present. Plaintiff shall sign releases for these records if requested.  The records shall be treated as confidential and shall be used solely for purposes of this litigation.

**Defendants' Motion to Compel Plaintiff's Deposition**

Defendants seek an order compelling Plaintiff to attend his continued deposition, payment of $1,500 in cancellation fees for an independent medical evaluation and payment of attorney's fees for preparing this motion.

The parties agreed that Plaintiff's continued deposition regarding photographs taken by Plaintiff would take place in San Francisco on the morning of February 23, 2006. Defendants served a deposition notice for that date on Plaintiff. Declaration of Robert Bonta in Support of Defs.' Mot. to Compel at Ex. E. Plaintiff failed to appear for the deposition, and that failure is not excused. Plaintiff argues that the parties had agreed to a telephonic deposition, but there is no evidence of such an agreement.

Accordingly, Defendant's Motion to Compel Plaintiff's Deposition is granted in part. The deposition shall take place as soon as possible, but no later than April 24, 2006. If Plaintiff is traveling to San Francisco for another purpose, the deposition shall take place in person. Otherwise, the deposition may be conducted by telephone. If a telephone deposition proves ineffective because of the need to ask about the photographs, however, it may be reconvened in person.

On October 25, 2005, Defendants noticed Plaintiff's independent medical examination relating to his physical injuries for November 17, 2005. Bonta Decl. Ex. A. The notice explains that if the appointment were canceled or rescheduled on less than twenty-four hours' notice, the doctor would charge a cancellation fee of $1,500.00. Id. Plaintiff's counsel confirmed the date of the examination (Id. Ex. B; Declaration of Russell Robinson in Opp'n to Defs.' Mot. to Compel at Ex. 2), but Plaintiff failed to appear. Defendants were charged the $1,500.00 cancellation fee, which Plaintiff refused to pay. Bonta Decl. Ex. D. Plaintiff argues that: "Plaintiff was clear, *or thought he had been*, that he would not appear for deposition and examination unless all parties' depositions were set in the same week." Pl.'s Opp'n to Defs.' Mot. to Compel at 4:14-15 (emphasis added). At the hearing, Plaintiff's counsel acknowledged that he did not clearly convey this position to Defendants. Plaintiff provides no adequate reason for failing to attend. Accordingly, Defendants' Motion to Compel Payment of the Cancellation Fee is granted.

Defendants seek attorney's fees incurred in preparation for Plaintiff's continued deposition and in drafting the motion to compel. Defendants' Motion to Compel Payment of Fees is denied because it was not filed separately as required by Civil Local Rule 7-8.

**Plaintiff's Motion for Sanctions and Default**

Plaintiff seeks monetary and evidentiary sanctions and default because Defendant Watts did not appear for his deposition. Watts no longer works for the San Francisco Police Department and now lives in Southern California. The parties had an informal agreement to depose Watts on January 25, 2006, but Plaintiff did not issue a deposition notice. Declaration of Russell Robinson in Support of Pl.'s Mot. for Sanctions at Ex. 2. Watts did not appear for the deposition, and there is no explanation for his failure to appear. On or about February 13, 2006, Plaintiff issued a deposition notice for February 23, 2006 for Watts' deposition. Declaration of Robert Bonta in Opp'n to Pl.'s Mot. for Sanctions at Ex. K. Due to communication issues, Watts did not appear for this deposition. Bonta Decl. ¶ 20.

Plaintiff is seeking monetary sanctions in the amount of $356.65 in court reporter's fees and $2,440.00 in attorney's fees for the time to prepare twice for the deposition and to prepare this motion. Plaintiff also seeks not only terminating sanctions against Watts, but additional terminating and evidentiary sanctions: (1) default as to Defendant City and County of San Francisco with regard to Monell liability focused on Watts; (2) issue preclusion prohibiting Defendants from presenting any case that would tend to suggest that Watts was ever assaulted by Plaintiff, that Watts was injured by Plaintiff, and that the force used against Plaintiff was not excessive; and (3) issue preclusion prohibiting Defendants from presenting any case that would tend to suggest that the initial entry into Plaintiff's home was reasonable.

If a party fails to appear for a properly noticed deposition, the court may sanction the party, up to and including default. Fed. R. Civ. P. 37(d); 37(b)(2)(A) - (C). Sanctions are appropriate even in the absence of a prior court order. Fed. R. Civ. P. 37(d); Hilao v. Estate of Marcos, 103 F.3d 762, 764-65 (9th Cir. 1996). However, default is a drastic remedy that should be reserved for extraordinary circumstances. See In re Exxon Valdez, 102 F. 3d 429, 432 (9th Cir. 1996). Before ordering a terminating sanction under Federal Rule of Civil Procedure 37(d) for failure to appear at a deposition, the court must balance five factors: (1) the public's interest in expeditious resolution of

litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.  Hyde & Drath v. Baker, 24 F. 3d 1162, 1166 (9th Cir. 1994) (citing Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a . . . dismissal sanction.  Thus the key factors are prejudice and the availability of lesser sanctions."  Wanderer, 910 F.2d at 656.

Here, the factors, especially the key factors of prejudice and availability of lesser sanctions, weigh against granting terminating and evidentiary sanctions.  Plaintiff makes no showing of prejudice to support these extreme sanctions.  Plaintiff asserts that he has suffered prejudice not only because Watts failed to appear at his deposition but also because Watts failed to produce documents in response to the deposition notice.  This argument misses the mark; the document production portion of the deposition notice was untimely and therefore unenforceable (Fed. R. Civ. P. 30(b)(5); Fed. R. Civ. P. 34).  Further, Watts has submitted a declaration stating that he has no responsive documents.  Moreover, default, which is disfavored, as to any Defendant based on Watt's conduct is not warranted in this case.  The Watts deposition was only formally noticed once and Plaintiff did not file a motion to compel the deposition before filing this motion for terminating sanctions.  In addition, Plaintiff failed to meaningfully participate in subsequent discussions after February 23, 2006 regarding when to reschedule the deposition.  See Bonta Decl. Ex. P, Q, R, S.  Therefore, to the extent that Plaintiff's Motion for Sanctions seeks terminating or evidentiary sanctions, it is denied.

The Hyde & Drath factors, however, weigh in favor of monetary sanctions.  Plaintiff incurred fees and costs associated with preparing for the Watts deposition.  Defendants shall reimburse Plaintiff for $356.65 in court reporter's fees.  Plaintiff is also entitled to attorney's fees, but the Court declines to order reimbursement for preparing twice for the deposition and for drafting this motion, which is largely denied.  Accordingly, Defendants shall pay Plaintiff's attorney's fees in the reduced amount of $915.00 (3 hours multiplied by $305 hourly rate).

**Defendants' Motion for Summary Judgment**

Defendant moves for summary judgment on all of Plaintiff's claims: (1) excessive force against all Defendants; (2) negligence against all Defendants; (3) false arrest and imprisonment against all Defendants; (4) intentional infliction of emotional distress against all Defendants; and (5)

the <u>Monell</u> claim against Defendant City and County of San Francisco. Plaintiff presented no evidence in response to the summary judgment motion and instead moved under Rule 56(f) for more discovery. At the hearing, Plaintiff's counsel confirmed that Plaintiff is not pursuing claims for negligence or intentional infliction of emotional distress. Accordingly, those claims are dismissed.

Rule 56(f) states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party opposing summary judgment bears the burden of satisfying the requirements of Rule 56(f) by making a timely application which specifically identifies relevant evidence, where there is some basis for believing that the evidence sought actually exists, and shows that the evidence would prevent summary judgment. See <u>Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.</u>, 353 F.3d 1125, 1129 (9th Cir. 2004).

Plaintiff's counsel filed an affidavit in support of the Rule 56(f) motion, stating that if he had been able to depose Watts, he would have found out: (1) whether Watts was in fact injured on May 24, 2002; (2) whether there was a legitimate reason for Watts and his partner Fischer to enter Plaintiff's apartment on that day; (3) whether Watts has a history of using excessive force or other misconduct that would show deliberate indifference by the City; (4) whether Watts was terminated or forced to resign for reasons related to excessive force, honesty or other relevant issues; (5) whether the blood at the scene belonged to Plaintiff and/or Watts; (6) why there were so many bruises on Plaintiff's back if no one hit him with a baton; (7) why certain evidence was not preserved, including photographs of a bloody baton or the baton itself; and (8) whether probable cause existed on May 24, 2002. Even if Watts testifies on these issues, it is questionable whether that testimony will reveal any evidence to defeat summary judgment. However, given Watts' unexcused failure to appear at his deposition and despite Plaintiff's lack of diligence in securing Watts' deposition after February 23, 2006, Plaintiff is entitled to depose Watts. The Watts deposition shall take place on April 24, 2006 at 11:00 a.m. in San Francisco. Defendants shall pay

the additional cost over normal delivery of the transcript to obtain an expedited transcript of the deposition testimony, and provide a copy to Plaintiff.

Accordingly, a ruling on the merits of Defendants' Motion for Summary Judgment is deferred. However, as stated at the hearing, unless the deposition testimony alters the undisputed material facts, the Court's tentative ruling is to grant summary judgment on all remaining claims except for the excessive force claim. Plaintiff shall file his opposition to the summary judgment motion no later than May 8, 2006. The opposition may only address deposition testimony by Watts and deposition testimony, if any, by Plaintiff that is directly responsive to Watts' testimony. He may not otherwise cure his failure to timely oppose the motion for summary judgment on its merits. Defendants shall file a reply no later than May 15, 2006. The Court will notify the parties if a hearing is necessary.

IT IS SO ORDERED.

Dated: April 13, 2006

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge