United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYD A. FROST,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants.<br>_____/ | No. C- 03-03585 EDL<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

The Court dismissed Plaintiff's negligence and intentional infliction of emotional distress claims in its April 13, 2006 Order. Three claims remain in this case: a claim under 42 U.S.C. § 1983 for excessive force, a claim for false arrest/imprisonment and a claim against Defendant City & County of San Francisco pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1977). Plaintiff's Supplemental Opposition to Defendants' Motion for Summary Judgment references a claim for illegal entry, but the amended complaint does not contain such a claim, and Plaintiff did not seek or obtain leave to further amend. Nor would the Court grant leave at this late stage of the litigation.

Also in the April 13, 2006 Order, the Court deferred ruling on Defendants' Motion for Summary Judgment, gave Plaintiff leave to depose Defendant Officer Watts, and allowed Plaintiff to file a supplemental opposition based on that deposition and Defendants to reply. Plaintiff subsequently deposed Officer Watts and filed his supplemental opposition. Defendants filed a reply. The Court has reviewed the parties' submissions and makes the following Order with respect to Plaintiff's claim brought pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 ( 1977) against Defendant City and County of San Francisco only.

1    Under <u>Monell</u>, individual action is insufficient to create government liability; liability can
2 only be based upon: 1) an unconstitutional policy or longstanding practice, 2) an isolated occurrence
3 if the person causing the violation has "final policymaking authority," or 3) ratification of a decision
4 by a final policymaker.  See <u>Christie v. Iopa</u>, 176 F.3d 1231, 1235-39 (9th Cir. 1999).  As the
5 Supreme Court stated:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under <u>Monell</u>, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.  Otherwise, the existence of the unconstitutional policy, and its origin, must be separately proved.  But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

<u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985).

In support of its motion for summary judgment on the <u>Monell</u> claim, Defendants argued that there was no evidence that any constitutional violation resulted from an unconstitutional policy, custom or practice.  In opposition to Defendants' motion, Plaintiff offered the following evidence from Officer Watts' deposition:  Officer Watts testified that he was a probationary officer at the time of the incident.  Pl.'s Supp. Opp'n to Defs.' Mot. for Summ. J. Ex. 1 at 19:24-20:2.  Officer Watts testified that his partner, Gabriela Fischer, was also a probationary officer.  <u>Id.</u> at 20:3-6.  Officer Watts and Officer Fischer were regularly partnered because they both wanted steady partners and they got along.  <u>Id.</u> at 21:10-16.  Watts testified that pairing probationary officers together, but not necessarily permanently, was common at the Mission Street station.  <u>Id.</u> at 20:7-21:10.  Plaintiff also points to Officer Watts' testimony that when he was at the police academy, he learned the standard practice for an officer to block an open door with his or her body in order to prevent a separation between a potential suspect and the officer.  <u>Id.</u> at 35:15-36:9.  In addition, Officer Watts testified that he believed that Plaintiff had consented to the officers' entry into his apartment by opening the apartment door.  <u>Id.</u> at 36:10-12.

Plaintiff makes no legal argument in his opposition brief regarding the meaning of these facts in relation to his <u>Monell</u> claim or how he believes these facts defeat summary judgment.  To the extent that Plaintiff is arguing that Defendant City has a policy of pairing probationary officers

2

together that caused Plaintiff's injuries, the <u>Monell</u> claim fails.  Plaintiff has provided no evidence that the policy of partnering probationary officers was itself unconstitutional or even that it was a San Francisco Police Department policy.  Nor has he provided any evidence that Officer Watts or Officer Rosales had final policymaking authority or that their conduct was ratified by a final policymaker.  Moreover, even if Plaintiff is able to establish a triable issue of fact as to the unconstitutionality of the single incident at issue in this case, there has been no showing that the policy had any causal connection to what allegedly happened to Plaintiff.  <u>Monell</u>, 436 U.S. at 691 (municipalities cannot be liable for unconstitutional acts of employees absent a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").  Plaintiff seems to want the Court to conclude that probationary employees are not qualified to work together and are more likely to engage in excessive force, and that therefore the policy caused Plaintiff's injuries, but there is no evidence to support these conclusions.

Plaintiff may be arguing that the policy of pairing probationary employees was a tacitly widespread custom that is sufficient for <u>Monell</u> liability, but this basis for <u>Monell</u> liability also fails. "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).  Although Officer Watts testified that partnering probationary officers together at night was common at the Mission Street station, there has been no showing that the practice was sufficiently longstanding, frequent and consistent to constitute an improper custom.  Contrary to the requirement of <u>Tuttle</u>, Plaintiff has not provided proof of any other incident to establish fault on the part of the City, or causation.

Similarly, Plaintiff has provided no evidence that a policy of instructing police officers to block an open door with their bodies is unconstitutional or that the officers in this case had final policymaking authority with respect to that policy.  Also, there is no evidence that this policy was of sufficiently widespread use to be a tacit custom for purposes of <u>Monell</u> liability.  Plaintiff has not shown any evidence that would create a question of fact as to whether the conduct of Officer Watts in blocking the open door was ratified by a final policymaker.  To impose liability on a municipality for ratification, a plaintiff must prove that the "'authorized policymakers approve a subordinate's

decision and the basis for it.'" Christie v. Iopa, 176 F.3d at 1239 (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).  Moreover, ". . . ratification requires, among other things, knowledge of the alleged constitutional violation." Id. (citations omitted).  Significantly, Plaintiff has not shown any evidence that a final policymaker had knowledge of the alleged constitutional violation.  Most importantly, Plaintiff has failed to show any causal connection between the alleged policy and his injuries.  Therefore, Monell liability based on this alleged policy fails.

To the extent that Plaintiff is arguing that either of these practices demonstrates a failure to train, the Monell claim also fails.  Inadequate training can serve as the basis for liability under 42 U.S.C. § 1983 "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the municipal employees come into contact." City of Canton v. Harris, 489 U.S. 378, 389 (1989).  Further, "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality - a 'policy' as defined by our prior cases - can a city be liable for such a failure under § 1983." Id. ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. . . . Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct.").  There must also be a causal connection between the identified deficiency in a training program and the injury. Id. at 391.  Here, Plaintiff has not provided evidence sufficient to raise a triable issue of fact as to any inadequacy in police training, much less causation of Plaintiff's injuries due to inadequate training.

Accordingly, Defendant's motion for summary judgment on Plaintiff's Monell claim is granted.  The Court will address the viability of Plaintiff's excessive force and false arrest/imprisonment claims in the context of ruling on Defendant's Motion in Limine numbers one and two.

IT IS SO ORDERED.

Dated: May 23, 2006

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

4