IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYD A. FROST,<br><br>            Plaintiff,<br><br>    v.<br><br> CITY AND COUNTY OF SAN FRANCISCO ET AL,<br><br>            Defendant.                              / | No. C-03-03585 EDL<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SHORTEN TIME AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE** |

Pursuant to the Court's December 20, 2004 Case Management and Pretrial Order for Jury Trial, pretrial materials were due in this case on May 17, 2006. Defendants filed their materials and the parties' joint submissions by that date. Plaintiff filed all of his separate submissions, including proposed jury instructions, proposed voir dire, proposed verdict form, exhibit list and motions in limine, throughout the day on May 18, 2006. Plaintiff did not seek leave to file these materials one day late.

On May 19, 2006, Defendants filed a motion to strike all of Plaintiff's late-filed papers. Defendants do not allege that they suffered any prejudice by Plaintiff's late filings. Defendants also move for an order that Plaintiff can not use any of the exhibits identified on his late-filed exhibit list at trial. See Dec. 20, 2004 Case Management and Pretrial Order for Jury Trial at 7:11-13 ("No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, by the above deadline, without leave of the Court and for good cause."). Defendants state that as of May 19, 2006, Plaintiff had not served his exhibits, which pursuant to the Court's December 20, 2004 Order, were also due to be served on Defendants and lodged with the Court on May 17, 2006. Moreover, as of the morning of May 24, 2006, Plaintiff has failed to lodge his exhibits with

the Court.

On May 20, 2006, Plaintiff filed a motion to shorten time to file pretrial papers. It appears that Plaintiff actually seeks an enlargement of time so that his pretrial materials will be considered timely. Counsel provides three reasons for his late filings: (1) counsel did not think Defendants would be prejudiced by the late filings; (2) his practice has been disrupted by a client who was stalking and threatening him and his family; and (3) counsel did not leave enough time to file the papers upon returning from an appearance in Arizona on another case on May 17, 2006. Also, on May 23, 2006, Plaintiff filed an opposition to Defendants' motion to strike, which essentially reiterates Plaintiff's motion to shorten time. In neither filing does Plaintiff address his failure to comply with the Court's Order to serve his exhibits on Defendants and to lodge them with the Court.

Plaintiff has shown good cause to enlarge time for the filing of his pretrial materials, specifically, the proposed jury instructions, proposed verdict form, proposed voir dire, and the motions in limine, based on the stalking and the lack of prejudice to Defendants. Accordingly, Plaintiff's motion is granted and his proposed jury instructions, proposed verdict form, proposed voir dire, and the motions in limine are considered timely filed. Defendant's motion to strike these pretrial materials on the ground that they were filed late is denied.

However, the Court is troubled by Plaintiff's failure, even one week after the deadline, to lodge his exhibits with the Court, and his apparent failure to serve the exhibits on Defendants. Plaintiff argues that most of the exhibits on his list are identical to those on Defendants' list, which would lessen any prejudice to Defendants arising from Plaintiff's failure to serve the exhibits. However, the Court cannot make that determination because Plaintiff's exhibit list does not contain sufficient descriptions of the exhibits to cross-reference with Defendants' list. Therefore, the Court defers ruling on Defendant's motion to strike the exhibits. In the meantime, Plaintiff shall serve his exhibits on Defendants if he has not already done so, and lodge them with the Court immediately, but no later than May 26, 2006. Plaintiff shall also file an explanation of his failure to timely serve

//

2

and lodge the exhibits by May 26, 2006. Defendants may respond no later than May 31, 2006 regarding prejudice, if any.

**IT IS SO ORDERED.**

Dated: May 24, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge