IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYD A. FROST,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C-03-03585 EDL<br><br>**ORDER DISMISSING WITHOUT PREJUDICE ALL REMAINING CLAIMS PURSUANT TO <u>HECK V. HUMPHREY</u>, 512 U.S. 477 (1994)** |

　　　　Plaintiff Boyd Allen Frost alleges generally that San Francisco police officers, in particular Officers Watts and Fischer, used excessive force when they entered his apartment and beat him without provocation on May 24, 2002. Defendants contend that the officers were responding to a complaint from one of Plaintiff's neighbors and that Plaintiff's injuries were caused when he resisted arrest. Two claims remain in this case: a claim under 42 U.S.C. § 1983 for excessive force and a claim for false arrest/imprisonment. For the reasons set forth below, the remaining claims are dismissed without prejudice pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

　　　　The legal issue of whether <u>Heck</u> bars Plaintiff's remaining claims was first presented to the Court in the context of Defendants' reply in support of Defendants' motion for summary judgment, which was filed pursuant to court order on May 15, 2006. Defendants again raised the <u>Heck</u> issue as the basis for their Motions in Limine numbers one and two, seeking to exclude all evidence relating to any alleged excessive force and to the alleged unlawfulness of Plaintiff's arrest, which were filed on May 17, 2006. The Court specifically stated in its May 23, 2006 Order granting in part Defendants' Motion for Summary Judgment that: "The Court will address the viability of Plaintiff's

excessive force and false arrest/imprisonment claims in the context of ruling on Defendant's Motion in Limine numbers one and two." Plaintiff had the opportunity to oppose application of the <u>Heck</u> rule in his opposition to Defendants' Motions In Limine, which he filed on May 27, 2006. The Court has received ample briefing on this issue and has determined that the issues are appropriate for decision without oral argument.[1]

## DISCUSSION

On May 24, 2002, the same night on which Plaintiff claims he was beaten by police without provocation, Plaintiff was arrested for violating several laws: Penal Code section 243(c)(2) (battery of police officer); Penal Code section 69 (resisting officer in the performance of his duties); Penal Code section 241(b) (assault against police officer); and Penal Code section 148(a) (resisting or obstructing police officer). Defs.' Trial Ex. A. A criminal complaint filed against Plaintiff was based on violations of Penal Code section 243(c)(2) and 69. Defs.' Trial Ex. G. Plaintiff pled nolo contendere and was found guilty of violating Penal Code section 242 (battery); additional charges were dismissed. Defs.' Trial Ex. F; Cal. Pen. Code § 242 ("A battery is any willful and unlawful use of force or violence upon the person of another."). That conviction has not been invalidated.

### Excessive force claim

Because Plaintiff's conviction has not been invalidated, Plaintiff cannot pursue his claim under 42 U.S.C. § 1983 for excessive force if it is based on theories that "necessarily imply the invalidity" of the conviction or sentence. <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994) (holding that a plaintiff who has previously been convicted of a crime cannot maintain a claim for damages under 42 U.S.C. § 1983 if that claim would either negate an element of the crime or necessarily imply the invalidity of that conviction, unless that conviction has previously been invalidated). In determining whether <u>Heck</u> applies, the court must:

> consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has

---

[1] The Court does not condone Defendants' delay in first raising the issue of <u>Heck</u> in a reply brief on summary judgment and in a motion in limine. The Court, however, construes these briefs as a motion for partial summary judgment. Plaintiff has had an opportunity to file a response to this issue and was on notice that the Court intended to decide the viability of these claims in the context of Defendants' Motions in Limine.

> already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id.

Heck has been applied to bar excessive force claims. The Fifth Circuit determined that because self-defense is a justification defense under Louisiana law, the plaintiff's claim that the officers used excessive force would, if proved, necessarily imply the invalidity of the plaintiff's conviction for battery of a police officer. The Court reasoned that "the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis for his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction." Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996); see also Crooms v. P.O. Mercado, No. 41, 955 F. Supp. 985, 988 (N.D. Ill. 1997) (Heck barred § 1983 claim for excessive force because a successful prosecution would imply the invalidity of the criminal conviction for resisting a peace officer; if the plaintiff were to succeed on his § 1983 claim, the jury would have to accept the plaintiff's version of events and would require a finding that the plaintiff did not resist). Plaintiff's argument that Hudson does not apply because Plaintiff was not convicted of battery of a police officer is without merit. Plaintif pled nolo contendere to a lesser included offense as an apparent plea bargain. Battery and battery of a police officer include the same elements except that the latter also requires that the police officer be engaged in the performance of official duties. See Cal. Pen. Code § 243(b). Here, there is no factual dispute that the officers came to Plaintiff's apartment while on duty in response to a neighbor's complaint and their arrest of Plaintiff resulted in his conviction. Moreover, as only police officers were with Plaintiff in his apartment during the incident, the victim of his battery was a police officer.

The Heck analysis is fact-specific. See Crooms, 955 F. Supp. at 991. Central to the analysis is the temporal connection between the conduct that resulted in the plaintiff's conviction and the alleged excessive force by the police. In Cunningham v. Gates, 312 F.3d 1148, 1154-55 (9th Cir. 2003), the plaintiff became engaged in a gunfight with police after police surrounded the car that he was using to leave the scene of a robbery that he had just committed. Based on his role in the

3

robbery and the subsequent shootout, the plaintiff was convicted of attempted murder, murder, robbery and burglary. In holding that Heck barred the plaintiff's excessive force claim, the Ninth Circuit rejected the plaintiff's theories that he did not provoke the deadly police response, that the police officers used excessive force to create a situation that provoked the plaintiff into firing and that the police used excessive force in response to provocation as necessarily implying the invalidity of the plaintiff's conviction. Most importantly, "there was no break between Cunningham's provocative act of firing on the police and the police response that he claims was excessive." Cunningham, 312 F.3d at 1155 ("Indeed, in convicting Cunningham of felony murder, the jury concluded that the police response was a natural consequence of Cunningham's provocative act."). Therefore, "because the two are so closely interrelated," Heck barred the plaintiff's excessive force claim. Id.

By contrast, in the earlier case of Smithart v. Towery, 79 F.3d 951 (9th Cir. 1996), Heck did not bar an excessive force claim brought under 42 U.S.C. § 1983 despite the plaintiff's conviction for assaulting the law enforcement officers who arrested him. There, the plaintiff used his truck to try to run over law enforcement officers, an act for which he was later convicted of assault. After the plaintiff got out of his truck, the officers allegedly used excessive force to arrest him. In that case, the assault conviction and the excessive force claim did not arise from the same acts. Cunningham distinguished Smithart on this bases: "Indeed, once he was out of the truck and without access to his 'assault weapon,' the officers had no need to use excessive force to subdue the plaintiff or to protect themselves." Cunningham, 312 F.3d at 1155.

Here, this case is analogous to Cunningham rather than Smithart. Plaintiff's battery of Officers Watts and Fischer and the alleged excessive force by the officers occurred as part of a single incident. Although Plaintiff accuses Defendants of using excessive force against him while he was a passive victim, this scenario is inconsistent with Plaintiff's conviction for battery. Under Plaintiff's version of events in this case, he was napping on his couch on the evening of May 24, 2002 when he heard banging, kicking, scratching, and beating on his door, he opened the door about one inch and, as he tried to close the door, the police pushed the door open and proceeded to beat him without provocation for ten to twelve minutes, even though he was not resisting, he did not

4

punch or strike Officers Watts or Fischer during the entire incident, and he denies guilt for the battery conviction. Declaration of Robert Bonta in Support of Defs.' Mot. for Summ. J. Ex. B at 207:7-10; 212:7-13; 212:20-213:1; 214:3-16; 227:13-21; 231:17-25; Declaration of Robert Bonta in Support of Defs' Mot. to Compel Psychological and Psychiatric Records Ex. A at 151:22-152:20. That version of events, if believed sufficiently to find Defendants liable for excessive force, would call into question the very basis of Plaintiff's battery conviction. Alternatively, if a jury were to find that Plaintiff did strike the officers but only in self-defense, which is a defense to excessive force (see United States v. Span, 75 F.3d 1383, 1389 (9th Cir. 1996)), that finding would also necessarily imply the invalidity of Plaintiff's battery conviction because by pleading nolo contendere Plaintiff waived any defenses. See In re Avena, 12 Cal.4th 694, 734 (1996) (by pleading no contest to criminal charges, a petitioner admitted guilt and gave up the opportunity to present claim of self-defense). As in Cunningham, because Plaintiff's conduct that resulted in the battery conviction and the alleged use of excessive force are so closely interrelated, the conviction forecloses Plaintiff's excessive force claim.

**False arrest/imprisonment claim**

Similarly, Heck bars Plaintiff's false arrest/imprisonment claim. For Plaintiff to prevail on the false arrest/imprisonment claim, a trier of fact would have to find that there was no probable cause to arrest Plaintiff. See George v. City of Long Beach, 973 F.2d 706, 710 (9th Cir. 1992) ("The existence of probable cause is necessary but not by itself sufficient to establish an arrest's lawfulness."). If a trier of fact were to believe Plaintiff's version of events that Plaintiff was a passive victim and to find that Defendants lacked probable cause to arrest him, that verdict would necessarily imply the invalidity of Plaintiff's conviction for battery by negating the basis for the arrest that led to the conviction. See Cabrera v. City of Huntington Beach, 159 F.3d 374 (9th Cir. 1998) (holding that Heck precluded § 1983 claim for false arrest by plaintiff who had been convicted of disturbing the peace).

Moreover, even if Plaintiff's false arrest/imprisonment claim was not barred by Heck, it is undisputed that Plaintiff tried to close his apartment door on the police officers, which gave the officers probable cause to arrest him for assault. Declaration of Robert Bonta in Support of Defs.'

Mot. for Partial Summ. J. Ex. B at 226:3-227:5 (after Plaintiff opened the door to his apartment on May 24, 2002, he tried to close it but was unable to do so and then the police pushed into the apartment); Pl.'s Supp. Opp'n to Defs.' Mot. for Partial Summ. J. Ex. 1 at 35:4-20 (Officer Watts testified that after Plaintiff opened the apartment door, Officer Watts blocked the door with his foot, leg, torso and arm); Bonta Decl. Ex. D at 33:11-13 (Officer Fischer testified that Plaintiff tried to slam the door, but Officer Watts was in the way). The fact that Plaintiff was not arrested for battery in violation of Penal Code § 242, the charge of which he was eventually convicted, on the night of the incident does not demonstrate a lack of probable cause. See Gasho v. United States, 39 F.3d 1420, 1428, n. 6 (9th Cir. 1994) ("Probable cause may still exist for a closely related offense, even if that offense was not invoked by the arresting officer, as long as it involves the same conduct for which the suspect was arrested. [citation omitted] It is immaterial that the officer did not have in mind the specific charge upon which the arrest can be justified.") (citing United States v. Rambo, 789 F.2d 1289, 1294 (8th Cir. 1986)). The charges for which Plaintiff was arrested are closely related to the battery charge, in fact, they arose out of the same incident and the charge of battery of a police officer is a more specific form of battery. Plaintiff simply pled to the lesser included charge. Therefore, the officers did not lack probable cause to arrest Plaintiff for battery.

**Failure to intervene**

Plaintiff's pretrial materials reference a claim for failure to intervene, but there is no such claim in the first amended complaint. Plaintiff did not seek or obtain leave to amend the complaint to add this claim. Nor would the Court have granted leave at this late stage of the litigation.

The only allegation in the complaint that Plaintiff believes supports a claim of failure to intervene is:

> In doing the acts and omissions complained of, Defendants CCSF, Rosales, Watts, Does 1-20 and each of them, acted, *and failed to act*, under color of state law to deprive Plaintiff of his constitutional rights, including but not limited to the rights guaranteed by the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and the right to be free from cruel and unusual punishment, to petition the government for redress, and rights to equal protection and due process of law.

First Am. Compl. ¶ 26 (emphasis added). The complaint does not set out a separate claim for failure to intervene. And any such claim would require an allegation that an officer had the opportunity to

6

intercede when fellow officers violate the constitutional rights of a suspect or other citizen. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). Plaintiff's mere inclusion of a statement in his discovery responses that the officers "failed to protect Plaintiff or to intervene when Plaintiff was beat and battered by other members of the SFPD" (see Pl.'s Opp'n to Mot. to Strike Ex. A) does not substitute for proper pleading. Further, any such claim would be futile. Plaintiff's theory appears to be that Officers Watts and Fischer failed to stop each other and the back-up officers on the scene from violating Plaintiff's constitutional rights through use of excessive force. The Court has found that Heck bars Plaintiff's excessive force claim, so any failure to intervene claim is also barred.

**CONCLUSION**

Accordingly, Plaintiff's remaining claims fail as a matter of law and are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: June 8, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge